# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES R HAYNES** <br>    5601 16TH SREET NW <br>    WASHINGTON, DC 20011 <br>    **Plaintiff** <br> v. <br> **FRONTIER COMMUNICATIONS CORPORATION** <br>    401 MERRITT 7 <br>    NORWALK, CT 06851 <br> **and** <br> **TD AMERITRADE HOLDING INC** <br>    200 SOUTH 108TH AVE <br>    OMAHA, NE 68103 <br>    **Defendants** | \* <br> \* <br> \* <br> \* <br> \* <br> **CIVIL ACTION** <br><br> Case: 1:18-cv-01984 <br> Assigned To : Contreras, Rudolph <br> Assign. Date : 8/24/2018 <br> Description: Pro Se Gen. Civ. (F-DECK) <br><br> \* <br> \* |

## COMPLAINT

### PARTIES

1. The Plaintiff is a resident of the District of Columbia and a shareholder in Frontier Communications Corporation (henceforth "Frontier") and is a customer of TD Ameritrade Holding Inc. (henceforth "TD").

2. Frontier owns licenses secured from the Federal Communications Commission (FCC) and sales securities authorized under the by the Security and Exchange Commission. (Commission). Frontier's preferred stock was registered with the Commission pursuant to Section 12 (b) of the Exchange Act and traded on the NASDAQ Global Market under the symbol FTRPR by TD.

3. TD is licensed by the Security and Exchange Commission (SEC) and sells and trades securities to buyers in interstate commerce and acted a fiduciary agent for the Plaintiff. TD is a New York corporation that maintains principal offices in

RECEIVED
AUG 24 2018
Clerk, U.S. District and
Bankruptcy Courts

Omaha, Nebraska. It is a registered broker-dealer pursuant to Section 15 (b) of the Exchange Act.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction of the parties and actions set forth below by the Plaintiff. The Defendants, directly and indirectly, made use of the mails and the means and instrumentalities of interstate commerce in connection with the acts, practices, and courses of business, including the brokerage, dealing and selling of securities alleged in this complaint.

5. Defendants have violated Section 10 (b) of the Securities Exchange Act of 1934 ("Exchange Act") 15 U.S.C. Section 78j(b) and Rule 10b-5 thereunder 17 C.F.R. Section 240.10b-5.

## COUNT ONE -FRAUD

6. The Plaintiff incorporates by reference paragraphs 1-5 as though set forth fully herein.

7. On June 6, 2018, the Plaintiff purchased 12,500 shares of preferred stock and on June 8, 2018, the Plaintiff purchased an additional 545 shares of preferred stock in Frontier from TD. The preferred stock had a NASDAQ symbol of FTRPR with a dividend amount of $2.78 per share with an ex-dividend ate of June 14, 2018 and a pay date of June 29,2018. See Exhibit A. In order for the Plaintiff to be eligible for payment of the dividends totaling $36,265.10, he was required by TD to own the shares on the morning of June 14, 2014. The Plaintiff did own 13,045 shares of the preferred stock on the morning of June 14, 2018.

8. My fiduciary agent TD nerve paid the dividends owed to the Plaintiff on June 29, 2018. When the Plaintiff made an inquiry regarding the dividends owed

to him, TD's employees stated that the ex-dividend date had been changed, arbitrarily and capriciously, to June 29, 2018, in violation of SEC Rule 10b-5.

9.   When the called the Defendant Frontier's General Counsel concerning the dividends, he was told that the ex-dividend date was June 29, 2018, and that TD had made a mistake in publishing the wrong date and that Frontier had sent an email regarding the change of date.

## COUNT TWO-RICO VIOLATION

10.  The Plaintiff incorporates by reference paragraphs 1-9 as though set forth fully herein.

11.  Securities fraud is a RICO predicate offense within the meaning of racketeering activity as set forth at 18 U.S.C. Section 1961. The Plaintiff has been damaged in his property rights by the racketeers, TD and Frontier, which conspired to deprive him of dividends which he was entitled to.

12.  TD represented to the Plaintiff that dividends would be paid if he owned preferred shares on June 14, 2018. Frontier conspired with TD to change the ex-dividend date from June14th to June 29, 2018, thereby defrauding the Plaintiff of $36, 265.10.

13.  This was a racketeering activity within the definition of 18 U.S.C. Section 1962 (a). The civil component of RICO, 18 U.S.C, Section 1964, allows the recovery of treble damages in the amount of actual/ compensatory damages. In this action treble damages would amount to 3 x $36,265.10=$108,795.30.

## COUNT THREE-BREACH OF FIDUCIARY DUTY

14.  The Plaintiff incorporates by reference paragraphs 1-13 as set forth fully herein.

15. Defendant TD owed a fiduciary duty to the Plaintiff to faithfully act in the best interest of the Plaintiff by publishing accurate information concerning the price, dividends, payment dates, and ex-dividend date for shares of securities it offered for sale or trade.

16. TD violated its fiduciary, agency duty by not informing the Plaintiff of the change in the ex-dividend date for the 13,045 shares of preferred stock which he purchased for $165,142.29.

17. TD is liable for this breach of fiduciary duty in the amount of damages to the Plaintiff in the amount of $36,265.10 plus cost of the two transactions required to the shares.

18. TD further failed to secure dividends owed to the Plaintiff on 45 shares of Frontier preferred stock which the Plaintiff unarguably owned on June 29, 2018, the arbitrary and capricious putative payment date.

## RELIEF REQUESTED BY PLAINTIFF

19. The Plaintiff requests a judgment for compensatory damages of $36,265.10 plus interest and costs jointly and severally against each Defendant.

20. The Plaintiff also demands treble damages against the Defendants for violation of 18 U.S.C. Section 1961, the RICO laws for racketeering.

21. The Plaintiff further requests that he be awarded punitive damages of $10,000,000 from each Defendant as a deterrent against this kind of behavior in the future by corporations that have violated security laws and the public trust granted them through either licenses or registration from the SEC and FCC.

22. WHEREFORE, Plaintiff seeks a money judgment as follows:

    (a). Count One for $36,265.10 jointly and severally plus interest and cost;

(b). Count Two for treble damages of $108,795.30 including cost of the suit and reasonable attorney's fee;

(c). Count Three for $36,265.10 plus interest and cost;

(d). Punitive Damages of $10,000,000 jointly and severally;

(e). Court costs and expenses; and

(f). Any other relief deemed just and equitable.

Respectfully submitted,

*/s/ James R Haynes*
James R Haynes, Pro se
5601 16th Street NW
Washington, DC 20011
202.309.4579

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing complaint was mailed first class postage prepaid to the registered agent for TD Ameritrade Inc, Registering Services LTD at 1100 H Street NW Suite 840 Washington, DC 20005 and to Mark D. Nielsen, Chief Legal Officer for Frontier Communications Corporation at 401 Merritt 7, Norwalk, CT 06851 this 24th day of August 2018.

*/s/ James Haynes*
James Haynes




## Stocks: Profile

Learn about key features of our stocks research section

**Frontier Communications Corp** NASDAQ: FTRPR
Telecommunication Services : Diversified Telecommunication Services | Small Cap Value    Company profile

New! We've created a page tailored for you. Click here to see the stocks overview page.

| | | Closing Price | Day's Change | Bid | Ask | B/A Size | Day's High | Day's Low | Volume (Light) |
|---|---|---|---|---|---|---|---|---|---|
| | | $12.92 | -0.02 (-0.15%) | 12.49 | 100.00 | 100x300 | 13.05 | 12.27 | 180,557 |

May 25, 2018 4:00pm ET

Set triggers   Set alerts   Add to watch list   Historical quotes & splits   Income Estimator   NEW

### Upcoming Events

JUN 14 2018  **Ex-dividend Date**   Dividend amount **$2.78**   Record date **June 15, 2018**   Pay date **June 29, 2018**

### Past Dividends

| Ex-dividend date | Amount | Record date | Pay date |
|---|---|---|---|
| March 14, 2018 | $2.78 | March 15, 2018 | March 30, 2018 |
| December 14, 2017 | $2.78 | December 15, 2017 | December 29, 2017 |
| September 14, 2017 | $2.78 | September 15, 2017 | September 29, 2017 |
| June 13, 2017 | $2.78 | June 15, 2017 | June 30, 2017 |

Earnings Calendar and Events Data provided by          | Terms of Use |  © 2018 Wall Street Horizon, Inc.

Market data and information provided by Morningstar.

, Copyright © 2018. All rights reserved.

Reuters content is the intellectual property of Reuters. Any copying, republication or redistribution of Reuters content, including by caching, framing or similar means, is expressly prohibited without the prior written consent of Reuters. Reuters is not liable for any errors or delays in content, or for any actions taken in reliance on any content. Reuters, Reuters Logo and the Sphere Logo are trademarks and registered trademarks of the Reuters Group of companies around the world.

Data is provided for information purposes only and is not intended for trading purposes. Reuters shall not be liable for any errors or delay in the content, or for any action taken in reliance on any content. The RIC or Reuters Instrument Code set has been developed and maintained by Reuters and is the intellectual property of Reuters.

CFRA Research Disclosure
3rd Party Research Disclosure

This is not an offer or solicitation in any jurisdiction where we are not authorized to do business or where such offer or solicitation would be contrary to the local laws and regulations of that jurisdiction, including, but not limited to persons residing in Australia, Canada, Hong Kong, Japan, Saudi Arabia, Singapore, UK. and the countries of the European Union.

Unauthorized access and use is prohibited. Usage is monitored. TD Ameritrade, Inc., member FINRA/SIPC. TD Ameritrade is a trademark jointly owned by TD Ameritrade IP Company, Inc. and The Toronto-Dominion Bank. © 2018 TD Ameritrade IP Company, Inc. All rights reserved.

As your agreement for the receipt and use of market data provides, the securities markets (1) reserve all rights to the market data that they make available; (2) do not guarantee that data; and (3) shall not be liable for any loss due either to their negligence or to any cause beyond their reasonable control.